ROBERT E. SAPIR (RS 9553)
COOPER, SAPIR & COHEN, P.C.
Attorneys for Plaintiff
560 Broadhollow Rd., Ste. 210
Melville, New York 11747
(631) 293-6061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
JULIANNE LENNETT,

                Plaintiff,        COMPLAINT WITH
                                    JURY DEMAND

  -against-

                                  DOCKET NO: 05CV5841

                                  (KMW, DF)

SCHOLASTIC, INC.,                        ECF CASE

                Defendant.

-----------------------------------------------------------

## I. PRELIMINARY STATEMENT

1.     This is an action brought by plaintiff, Julianne Lennett (Lennett), for legal, declaratory and injunctive relief against her former employer, Scholastic, Inc. (Scholastic) for discrimination in employment.

## II. JURISDICTION AND VENUE

2.     This action is brought and jurisdiction lies pursuant to 42 U.S.C. §§2000e(5) et seq., 2000e(16), and 28 U.S.C. §§1331 and 1343, this being a suit based upon the provisions of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, as amended ("Title VII"), 42 U.S.C. §§2000e-2 et seq. In addition, pursuant to 28 U.S.C. §1367(1), the plaintiff invokes the Court's supplemental jurisdiction as to pendent

New York State claims arising under the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law, Article 15, §§290 et seq., and the New York City Human Rights Law, New York Administrative Code §§8-101, et seq. ("NYCHRL").

3. The Defendant has offices at 557 Broadway, New York, New York, and the unlawful employment practices alleged below were committed within the County of New York, State of New York. Accordingly, venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. §§1391(b).

4. On or about May 4, 2004, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon gender, and on or about March 29, 2005, the EEOC issued its notice of right to sue.

### III. PARTIES

5. Plaintiff Lennett resides at 13 Pleasant Avenue, Plainview, New York.

6. Upon information and belief, at all times material herein, defendant Scholastic is a corporation engaged in business operating within the City and State of New York, employing an excess of 500 employees.

### IV. FACTS

7. Plaintiff is a female.

8. Lennett began her employment with Scholastic in August 1996.

9. Lennett has always performed her duties in a satisfactory nature.

10. On or about June 25, 2001, Lennett commenced a maternity leave arising out of the pregnancy of her first child. At such time, Scholastic commenced its policy and practice of discrimination against the plaintiff.

11. While Lennett was on her approved maternity leave, her work-space was moved from a fully enclosed office to a partially enclosed one, a less prestigious and desirable work area.

12. During the same period of time, a male colleague of Lennett's holding a similar position was moved from a partially enclosed office to a fully enclosed one.

13. After Lennett returned from her leave of absence, she was left out of business discussions with colleagues and supervisors. Lennett was told by her supervisor this action was taken as a result of her decision to breast feed her infant daughter which curtailed her ability to travel. A male colleague was included in these discussions notwithstanding limitations on his ability to travel.

14. At the time of Lennett's mid-year review in 2002, her supervisors expressed dissatisfaction with the amount of additional time she was devoting to her job and alluded to her new status as a mother.

15. One of her supervisors stated that things would only get worse when she had more children. He also, although unrequested by Lennett, made suggestions for alternative types of childcare.

16. Lennett's written review alluded to her disparate obligations as an employee and a mother. Similar concerns were raised after the formal review.

17. That same year, Lennett's bonus plan, which had been in effect since June 1997 was modified, without notice to her, resulting in a loss of $26,000 that year.

18. After the birth of Lennett's daughter, she was not included in a key advisor committee established within her group.

19. A male colleague of Lennett's holding the same title as she did, was promoted to senior director, notwithstanding that Lennett had held the title of director longer than he did. Lennett was told by one of her supervisors that she was not considered for the promotion because of "her situation".

20. In January 2003, Lennett met with her supervisor and told him that she was pregnant and expecting a second child in August. He stated that he would have to discuss the kind of job she could be moved into when she returned from maternity leave.

21. She reported her supervisor's comment to Human Resources, but no action was taken.

22. On July 15, 2003, Lennett commenced maternity leave, and her second daughter was born on July 28, 2003.

23. On October 22, 2003, shortly before Lennett was to return from maternity leave, she was told by her supervisor that her job had been eliminated and her employment terminated effective October 31, 2003.

24. Upon information and belief, plaintiff's termination was a result of Lennett's being a female and the mother of young children.

25. Plaintiff has lost wages, compensations, bonuses, savings benefits, fringe benefits, etc. as a result of defendant's illegal discrimination.

26. Plaintiff has suffered personal injuries including, but not limited, to emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of defendant's unlawful discrimination and is entitled to compensatory damages.

27.     Upon information and belief, the discrimination by defendant was wanton, willful and in patent disregard of plaintiff's rights, and defendant should be punished by the payment of punitive damages.

## V.  FIRST CLAIM FOR RELIEF

28.     Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 27.

29.     As a result of the willful, discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of her civil rights and of employment opportunities in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights of 1991, as amended.

## VI.  SECOND CLAIM FOR RELIEF

30.     Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 26.

31.     As a result of the willful discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of her civil rights and of employment opportunities in violation of New York State Human Rights Law.

## VII.  THIRD CLAIM FOR RELIEF

32.     Plaintiff hereby restates and realleges, as if set forth at length, the allegations contained in paragraphs 5 through 27.

33.     As a result of the willful discriminatory and retaliatory actions of defendant, plaintiff has been unlawfully deprived of her civil rights and of employment opportunities in violation of New York City Human Rights Law.

### VIII.   PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

1.   Assume jurisdiction over this action;

2.   Grant a permanent injunction;

   a)   Prohibiting defendant from continuing or maintaining a policy, practice and/or custom of denying, abridging, withholding or conditioning the rights of employees, on the basis of sex or status as a mother of young children.

3.   Award plaintiff the following damages:

### ON THE FIRST CLAIM

A.   Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

B.   Compensatory damages, in an amount to be determined at trial, for humiliation, mental anguish and emotional distress sustained by her;

C.   Punitive damages in an amount to be determined at trial.

### ON THE SECOND CLAIM

A.   Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;   Compensatory damages, in an amount to be determined at trial for

humiliation, mental anguish and emotional distress sustained by her.

### ON THE THIRD CLAIM

A.   Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest;

6

B.  Compensatory damages, in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by her.

C.  Punitive damages in an amount to be determined at trial.

## ON ALL CLAIMS

A.  Award plaintiff the costs of this action, together with her reasonable attorneys' fees;

B.  Grant plaintiff such other and further relief as may be deemed necessary, just and proper by this Court;

## JURY DEMAND

Plaintiff demands trial by jury of all issues in this action properly triable before a jury.

Dated:  Melville, New York
       June 22, 2005

                              COOPER, SAPIR & COHEN, P.C.

                              By: _____
                              ROBERT E. SAPIR (RS 9553)
                              Attorneys for plaintiff
                              Office and P.O. Address
                              560 Broadhollow Road, Suite 210
                              Melville, New York 11550(
                              (631) 293-6061